Filed 8/29/24  P. v. Dupes CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUCCIANO SHAWN DUPES,<br><br>    Defendant and Appellant. | A167931<br><br>(Contra Costa County<br>Super. Ct. No. 022200922) |

**MEMORANDUM OPINION[1]**

A jury convicted defendant Lucciano Shawn Dupes of seven criminal offenses including driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a), count 1), fleeing a police officer while driving recklessly, driving against traffic while fleeing a police officer, felon in possession of a firearm, felon in possession of ammunition, hit and run with property damage, and possession of burglary tools. Defendant's sole claim on appeal is that the trial court abused its discretion in imposing an upper term sentence of four years on count 1.

---

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

The amended information included a special allegation under Penal Code section 666.5[2] as to count 1 that defendant was previously convicted of vehicle theft and alleged eight qualifying prior convictions. It further alleged seven aggravating factors, including: (1) his prior convictions as an adult were numerous and increasing in seriousness (Cal. Rules of Court, rule 4.421(b)(2)); [3] (2) defendant served a prior prison term (rule 4.421(b)(3)); (3) he was on probation when the crime was committed (rule 4.421(b)(4)); (4) his prior performance on probation was unsatisfactory (rule 4.421(b)(5)); (5) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)); (6) he was armed with a weapon at the time of the commission crime (rule 4.421(a)(2)); and (7) the crime involved an attempted or actual taking or damage of great monetary value (rule 4.421(a)(9)).

Defendant waived a jury trial on his prior convictions as alleged in count 1 and the aggravating sentencing factors. The court found three prior felony convictions of Vehicle Code section 10851, two prior felony convictions of Penal Code section 496d, and the seven alleged factors in aggravation true beyond a reasonable doubt.

The court sentenced defendant to state prison for an aggregate term of six years, comprised of an upper term of four years on count 1 plus consecutive terms of eight months each on counts 3, 4, and 5. On

---

[2] Penal Code section 666.5 is an alternative sentencing scheme that provides an elevated sentencing triad of two, three, or four years for a prior vehicle theft conviction or related conduct. (*People v. Lee* (2017) 16 Cal.App.5th 861, 869–870.)

[3] All further rule references are to the California Rules of Court.

count 2, the court stayed a term of eight months, and imposed concurrent county jail terms on counts 6 and 7.

Penal Code section 1170, subdivision (b)(1) provides, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Paragraph (2), in turn, provides in part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, § 1170, subd. (b)(2).)

We review the trial court's sentencing decision for abuse of discretion, which will be found only when its decision is irrational or arbitrary, or when it relied on circumstances that were irrelevant or otherwise constituted an improper basis for the decision. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

A court "generally cannot use a single fact both to aggravate the base term and to impose an enhancement, nor may it use a fact constituting an element of the offense either to aggravate or to enhance a sentence." (*People v. Scott* (1994) 9 Cal.4th 331, 350 (*Scott*).) Defendant relies on this dual use prohibition to argue the court improperly used "at least one" of his prior convictions for violation of Vehicle Code section 10851 to elevate the sentence triad for count 1

pursuant to Penal Code section 666.5.  He further contends the court improperly "referred to the evidence of reckless driving, hitting two other cars, and fleeing after one of those collisions" from the present case to find factors in aggravation because those were separate offenses for which punishment was imposed.

As an initial matter, defendant has forfeited his claim by failing to raise an objection at sentencing.  To encourage prompt correction of error and reduce the number of unnecessary appellate claims, courts require parties to raise certain issues at sentencing.  (*Scott, supra*, 9 Cal.4th at p. 351.)  The California Supreme Court concluded this requirement applies to claims "involving the trial court's failure to properly make or articulate its discretionary sentencing choices."  (*Id.* at p. 353.)  This includes "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it doubled-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons."  (*Ibid.*)  Moreover, "claims deemed waived on appeal involve sentences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner."  (*Id.* at p. 354.)  Here, defendant was required to raise issues related to his contention that some sentencing factors were dually used, or double-counted, at the time of sentencing.

Even if defendant's claim is not forfeited, we conclude any purported error was harmless on this record.  "In order to determine whether error by the trial court in relying upon improper factors in aggravation requires remanding for resentencing 'the reviewing court must determine if "it is reasonably probable that a result more

favorable to the appealing party would have been reached in the absence of the error." ' " (*People v. Avalos* (1984) 37 Cal.3d 216, 233.)

At the hearing, the court gave a lengthy ruling supporting its sentencing decision. The court was particularly concerned with defendant's poor performance on probation, emphasizing he "had probation reinstated and revoked a number of times." The court summarized defendant's criminal history, citing convictions in 2006, 2007, 2010, 2012, 2013, 2014, 2016, 2018, 2019, 2020, and 2022, including at least nine felonies, at least six unsuccessful periods of probation, several prior prison terms, and that defendant was on probation at the time of the present offense. Observing the "factors in aggravation clearly show an increase in [defendant's] criminal history," and the aggravating factors outweighed the mitigating factors, of which there were none, the court denied probation and imposed an upper term sentence on count 1.[4]

Even if the trial court improperly relied on *one* of the Vehicle Code section 10851 convictions and the facts of the present offense, defendant does not dispute the trial court properly relied on his poor performance on probation, his numerous other prior convictions, his prior prison terms, and that he was on probation at the time of the current offense. (Rule 4.421(b)(2), (3), (4) & (5).) Defendant does not challenge the factual basis of any of the aggravating factors relied upon by the court, nor does he dispute there were no mitigating factors.

---

[4] When imposing sentence on count 1, the court stated it "selects the aggravating term based on the totality of the record in front of it and the aggravating factors outweighing the mitigating factors and having found the factors in aggravation true."

Defendant further contends an upper term sentence is not warranted because under amended Penal Code section 1170 there is a middle term presumption and recent sentencing trends militate in favor of more lenient sentencing. The statute, however, authorizes trial courts to impose an upper term when justified by aggravating factors. (Pen. Code, § 1170, subd. (b)(2).) Here, the trial court relied on multiple valid aggravating factors and the absence of mitigating circumstances to justify imposition of the upper term. For this reason, even if we were to accept defendant's arguments, it is not reasonably probable the court would have imposed a different sentence on this record.

## DISPOSITION

The judgment is affirmed.

BANKE, ACTING P. J.

WE CONCUR:

LANGHORNE WILSON, J.

SIGGINS, J.*

(*People v. Dupes; A167931*)

---

* Retired Presiding Justice of the Court of Appeal, First District assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.